# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMILY GONTARSKI,

    Plaintiff,

v.

ROBERT HOAG, et al.,

    Defendants.

3:16-CV-495
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

The above captioned matter arises out of a motor vehicle accident that took place in March of 2014 between a car driven by Plaintiff, Emily Gontarski, and a tractor-trailer truck driven by Defendant, Robert Hoag. As a result of the accident, Plaintiff asserts claims against Defendant Hoag for negligence and negligence per se. Plaintiff also asserts a vicarious liability claim against Defendant Hoag's employer and co-defendant, Shilling Transport, Inc. Presently before the Court Motion for Summary Judgment, (Doc. 13), on one narrow issue: whether Defendant Hoag is entitled to summary judgment on Plaintiff's claim for punitive damages.[1] For the reasons that follow, the Court will deny Defendants' Motion.

---

[1] Defendants also moved for Summary Judgment on Plaintiff's claim against Defendant Shilling Transport for negligent entrustment. The parties, however, have stipulated to the dismissal of that claim. (Docs. 16, 17).

## II. STATEMENT OF UNDISPUTED FACTS

In accordance with Local Rule 56.1, Defendants submitted a Statement of Material Facts in support of their Motion for Summary Judgment, (Doc. 14), and Plaintiff submitted a response, (Doc. 18). Upon reading the parties' submissions, it is clear that while the parties agree on some basic facts, they completely disagree as to the manner in which the accident occurred. What follows is a brief statement of what the parties agree on followed by each party's account of how the accident occurred:

At the time of the accident in question, Defendant Hoag was an employee of Defendant Shilling Transport and was operating a tractor and empty flatbed trailer that had a combined length of sixty-six and a half feet. (Doc. 14 at ¶¶ 1-3, 9; Doc. 18 at ¶¶ 1-3, 9). Plaintiff was driving a Toyota Corolla. (Doc. 14 at ¶ 3; Doc. 18 at ¶ 3). The accident occurred at an intersection with a traffic light in which a driver had the option of getting into one of two lanes: a right hand lane in which a driver had the option to go straight or turn right and a left hand lane in which the driver had to turn left. (Doc. 14 at ¶ 13; Doc. 18 at ¶ 13).

According to Plaintiff's version of events, she was the only car stopped at the light, which was red, and was in the right hand lane when Defendant Hoag, traveling in the same direction, approached the intersection. (Dep. of Emily Gontarski, Doc. 19-2 at 83-84). Defendant Hoag pulled up to the light in the left hand lane and stopped next to Plaintiff. (*Id.* at 83, 85, 87). Defendant Hoag did not have his blinker on. (*Id.* at 83-84). While the light

2

was still red, Defendant Hoag began to make a right turn from the left hand lane. (*Id.* at 88-89). Plaintiff honked her horn in response, but Defendant Hoag did not stop. (*Id.* at 89). Then, the right rear tire of Defendant Hoag's trailer hit the left front side of Plaintiff's car. (*Id.* at 89-90). According to Plaintiff, "[h]e hit the side of my car, stopped, and then he proceeded to go and dragged me up onto the sidewalk." (*Id.* at 89). Defendant Hoag then drove away. (*Id.* at 90).

According to Defendant Hoag, he approached an empty intersection and got into the right hand lane. (Doc. 14 at ¶¶ 14-16). As he made a right turn, he had to enter the left hand lane briefly in order to avoid having his trailer hit a telephone pole on the right side of the road. (*Id.* at ¶¶ 17-18). As he straightened out his vehicle after completing the turn, he could see a vehicle stopped in the intersection behind him. (*Id.* at ¶ 20). He then proceeded on, unaware that an accident had occurred. (*Id.* at ¶¶ 21, 24). A car followed him and, when Defendant Hoag stopped, the driver notified him that an accident had occurred. (*Id.* at ¶ 25). In an accident report that Defendant Hoag filled out the next day, Defendant Hoag wrote that Plaintiff "must have ran into trailer['s] rear axle and bounced out of view." (*Id.* at ¶ 22).

### III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, . . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing

3

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson,* 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

### IV. ANALYSIS

Through the present motion, Defendant Hoag seeks summary judgment on Plaintiff's claim of punitive damages on the basis that "Plaintiff has failed to show that [Defendant Hoag] had a subjective appreciation of the risk of harm that Plaintiff was exposed to and acted in conscious disregard to that risk." (Doc. 15 at 8).

In Pennsylvania, punitive damages "'are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a *reckless indifference* to the interests of others.'" *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) (emphasis in original) (quoting *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097-98 (Pa. 1985)). "Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or

5

oppressive." *Feld v. Merriam*, 485 A.2d 742, 747-748 (Pa. 1984) (quotation marks omitted). "Further, one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.'" *Id.* at 748 (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963)). "The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Id.* As such, punitive "'damages are not justified where the defendant's mental state rises to no more than gross negligence.'" *SHV Coal*, 587 A.2d at 705 (quoting *Martin*, 494 A.2d at 1098). Further, to succeed on a claim for punitive damages, a plaintiff must produce sufficient evidence "to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

Here, Defendant Hoag argues that the facts show no reckless inference to harm on his part. Defendant Hoag contends that he checked his truck's mirrors, began his turn when no other vehicles were in the intersection, made a legal right hand turn, and was unaware that any accident occurred. In making this argument, however, Defendant Hoag erroneously resolves numerous factual disputes in his favor. Contrary to what Defendant Hoag has done, on a motion for summary judgment "[i]nferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence

6

contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc.*, 974 F.2d at 1363.

Viewing the evidence in a light most favorable to Plaintiff and resolving all factual disputes in Plaintiff's favor, the evidence shows that Plaintiff was stopped in the right hand lane when Defendant Hoag pulled up alongside her in the left hand lane. Defendant Hoag then made a right turn from the left hand lane, hit Plaintiff's car, paused for a moment, and then continued on, forcing Plaintiff's car onto the curb. On these facts, a reasonable jury could find that Defendant Hoag was aware of the risk of making such a turn when Plaintiff's car was in the right hand lane and that Defendant Hoag disregarded the risk and made the turn anyway.

## V. CONCLUSION

For the reasons outlined above, this Court will deny Defendants' Motion for Summary Judgment. A separate Order follows.

_____
Robert D. Mariani
United States District Judge